IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SARAH K. THOMPSON, as Administratrix of the Estate of ROYCE THOMPSON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>PACTIV CORPORATION, a/k/a PACTIV, and LOUISIANA-PACIFIC CORPORATION,<br><br>Defendants. | Case No. 2:06-cv-85-WKW-SRW |

### DEFENDANT LOUISIANA-PACIFIC CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Pursuant to Fed. R. Civ. P. 12(b), 12(e), and 7(b), Defendant Louisiana-Pacific Corporation ("Louisiana-Pacific") moves this Court for an Order dismissing Plaintiff's First Amended Complaint in whole or in part, or in the alternative, for an Order requiring Plaintiff to provide a more definite statement of her claims.

As set forth in the accompanying Memorandum of Law, Louisiana-Pacific respectfully requests that this Court dismiss the First Amended Complaint in its entirety because it does not establish that Plaintiff brought this wrongful death action within two years of Decedent's death. Thus, as pled, the entire First Amended Complaint fails to state a claim upon which relief may be granted.

Even if this Court does not dismiss the First Amended Complaint in its entirety, Rule 12(b)(6) nonetheless requires this Court to dismiss Counts One through Eight because Plaintiff cannot assert these tort claims in a wrongful death action. Because

- 2 -

Decedent died without filing suit, the only cause of action available to Plaintiff, as personal representative of Decedent's estate, is a claim under Alabama's Wrongful Death Act. Counts One through Eight must therefore be dismissed.

Rule 12(b)(6) also requires this Court to dismiss Counts One, Three, Six, Seven, Eight, and Nine because they are barred by the applicable statute of limitations period. Additionally, this Court should dismiss Counts Three, Five, Six, Seven, Nine and Ten because each fails to state a claim for the specific reasons set forth in the accompanying Memorandum of Law.

Alternatively, Counts Three, Six, and Nine of the First Amended Complaint are so vague and ambiguous that Louisiana-Pacific cannot reasonably frame a response to Plaintiff's allegations. Pursuant to Rule 12(e), this Court should order Plaintiff to provide a more definite statement of her claims for the reasons set forth in the accompanying Memorandum of Law.

Likewise, to the extent any count is not dismissed, this Court should require Plaintiff to provide a more definite statement of the times, places, and circumstances of Decedent's alleged chemical exposures, the injuries that allegedly resulted, and the date of Decedent's death. As currently pled, Plaintiff's allegations do not give Louisiana-Pacific fair notice of the basis for Plaintiff's claims.

Respectfully submitted this 22nd day of March, 2006.

/s/Dennis R. Bailey
Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB No. 3422-F55R
Counsel for Defendant
Louisiana-Pacific Corporation

- 3 -

Of counsel:
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL   36101-0270
Tel: (334) 206-3234 (Bailey)
Tel: (334) 206-3126 (Huffaker)
Fax: (334) 481-0031 (Bailey)
Fax:  (334) 481-0049 (Huffaker)
E-mail:  drb@rsjg.com (Bailey)
E-mail:  rah2@rsjg.com (Huffaker)

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

H. Thomas Wells, Jr.

John A. Earnhardt

/s/ Dennis R. Bailey
Of Counsel