# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Bernard Taylor, Sr.                 Direct Dial: 404-881-7126                 E-mail: slockard@alston.com

April 28, 2006

**VIA FACSIMILE and**
**U.S. MAIL**

W. Eason Mitchell, Esq.
The Colom Law Firm, LLC
200 Sixth Street North
Suite 102
Columbus, MS  39701

    Re:    *Melanie Chambers, By and through her Mother and Next Friend, Gail Tatum, v. PACTIV and Louisiana Pacific Corp.*, 2:06CV83-WKW

    *Rickey Phillips, Administrator of the Estate of Susan Phillips, deceased, v. PACTIV and Louisiana Pacific Corp.*, 2:06CV84-WKW

    *Sarah Thompson, Administratrix of the estate of Royce Thompson, deceased, v. PACTIV and Louisiana Pacific Corp.;* 2:06CV85-WKW

    *Lilliam Edwards, Administratrix of the Estate of Marvin Mays, deceased, v. PACTIV and Louisiana Pacific Corp.*, 2:06CV86-WKW

    *Sherri Davis, et al., v. PACTIV and Louisiana Pacific Corp.;* 2:06-CV-187

    *Thomas Douglas, Administrator of the Estate of Sebera Gayle Douglas, deceased, v. PACTIV and Louisiana Pacific Corp.;* 2:06-CV-188

    *Stanton Kelley, Administrator of the Estate of Willene Kelley, deceased, v. PACTIV and Louisiana Pacific Corp.;* 2:06-CV-190

    *Ginger Cravey, Administratrix of the Estate of Riley Cravey, deceased, v. PACTIV and Louisiana Pacific Corp.;* 2:06-CV-191

    *Janice Madden, Administratrix of the Estate of James Madden, deceased, v. PACTIV and Louisiana Pacific Corp.;* 2:06-CV186

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

601 Pennsylvania Avenue, N.W.
North Building, 10th Floor
Washington, DC 20004-2601
202-756-3300
Fax: 202-756-3333

W. Eason Mitchell, Esq.
April 28, 2006
Page 2

*Lorrine Thompson, Administratrix of the Estate of Jerry Thompson, deceased, v. PACTIV and Louisiana Pacific Corp.; 2:06-CV189.*

Dear Eason:

We have received your letter dated April 26, 2006 raising various issues about the scope and structure of future discovery in the Lockhart cases.

Because defendants have motions to dismiss pending in each case, we do not yet know which claims, if any, the Court will permit to go forward. Given your six pending motions to remand, we also do not know whether all cases will remain before Judge Watkins and be subject to federal discovery rules, or whether some cases will be sent back to the Circuit Court of Covington County for resolution before a state court judge using Alabama discovery procedures. Moreover, your pending motion to consolidate the cases for discovery purposes is still pending. Indeed, the parties have not yet even completed the Court-established briefing schedule on any of these issues.

Thus, while all parties may eventually need to confer regarding discovery in these cases, a discovery conference, Rule 26 disclosures, and scheduling conference with the Court are premature at this time. We suggest that it would be more appropriate to discuss discovery issues after resolution of the dispositive motions and other key threshold issues already pending before the Court.

Additionally, your suggestion that "L-P expresses a desire to examine some witnesses" appears to reflect a misunderstanding about prior communications. As part of the meet and confer process required prior to LP filing a Rule 11 motion based on your clients' unfounded spoliation claims, you indicated that those claims are based on alleged observations made at the facility by Carlton Dukes. Because you represent Mr. Dukes, we have repeatedly sought your permission for an LP employee to speak briefly with Mr. Dukes about his observations, either in person or by telephone, so that LP can complete its internal investigation into your clients' spoliation claims. Because this conversation would be for the narrow purpose of permitting LP to complete its internal investigation of your spoliation claims, a formal deposition or "examination" of Mr. Dukes by counsel is simply not warranted. Having raised this issue with you several times, your letter leads us to conclude that you are declining to make Mr. Dukes available for a telephone conversation. If that is not the case, please let us know a convenient time for an LP representative to speak with him.

Finally, your letter suggests a need to proceed with some depositions to preserve testimony before depositions would otherwise be allowed under the Federal Rules. While we are certainly willing to discuss preservation depositions where appropriate, any agreement to take preservation depositions must be made on a case by case basis in view of the specific circumstances surrounding each individual. Accordingly, I would ask that you please provide us a list of those individuals for which you are requesting a

preservation deposition, along with an explanation of their current health condition and any other factors you believe justify an expedited deposition. We will review the information as quickly as possible.

    With kind regards, I am,

                       Sincerely,

                       Bernard Taylor, Sr.

BT:dh\ATL01/12209634v1

cc:    Gregory A. Cade, Esq.    (via facsimile and U.S. Mail)
       John Berghoff, Jr., Esq.    (via facsimile and U.S. Mail)
       Mark TerMolen, Esq.    (via facsimile and U.S. Mail)
       Dennis R. Bailey, Esq.    (via facsimile and U.S. Mail)
       R. Austin Huffaker, Esq.    (via facsimile and U.S. Mail)
       H. Thomas Wells, Jr., Esq.    (via facsimile and U.S. Mail)
       John A. Earnhardt, Esq.    (via facsimile and U.S. Mail)
       Douglas S. Arnold, Esq.