IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SARAH K. THOMPSON, as Administratrix of the Estate of ROYCE THOMPSON, deceased,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PACTIV CORPORATION and  )<br>LOUISIANA-PACIFIC CORPORATION,  )<br>)<br>Defendants.  )<br>) | CASE NO. 2:06-cv-85-LES-CSC |

### DEFENDANT LOUISIANA-PACIFIC CORPORATION'S
### RENEWED MOTION TO DISMISS COUNT SEVEN

Defendant Louisiana-Pacific Corporation ("Louisiana-Pacific") renews its prior motion to dismiss Count Seven in the above-captioned matter. Count Seven asserts a strict liability claim against Louisiana-Pacific under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").

Louisiana-Pacific notes that the Plaintiff in *Chambers v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00083-LES-CSC, omitted this AEMLD claim from her Third Amended Complaint ("TAC"). Thus, the Court's December 8, 2006 order denying Louisiana-Pacific's motion to dismiss the TAC in *Chambers* did not require the Court to rule on the validity of Plaintiff's AEMLD claim in the instant case. Further, the Court's order, which also denied Louisiana Pacific's motion to dismiss in the instant case in its entirety, does not appear to have directly addressed the AEMLD claim.

Consequently, Louisiana-Pacific is uncertain of the intended effect of this Court's December 8, 2006 order on the AEMLD claim in the instant case. Louisiana-Pacific

therefore respectfully renews only that portion of its prior motion to dismiss in this case regarding the validity of Count Seven under the AEMLD.

## PROCEDURAL BACKGROUND

(1) In part, Louisiana-Pacific's original Motion to Dismiss (doc. # 14) sought dismissal of Count Seven for failure to state a valid AEMLD claim. Louisiana-Pacific likewise sought dismissal of the same AEMLD claim then pending in *Chambers v. Pactiv Corp.*, *et al.*, Civ. No. 2:06-cv-00083-LES-CSC on the same grounds.

(2) After Louisiana-Pacific moved to dismiss the AEMLD claim in the instant case and in *Chambers*, the Plaintiff in *Chambers* amended her complaint to delete the AEMLD claim. See TAC (doc. # 103) in *Chambers v. Pactiv Corp.*, *et al.*, Civ. No. 2:06-cv-00083-LES-CSC.

(3) This Court's order dated December 8, 2006 (doc. # 112) denied Louisiana-Pacific's motion to dismiss the Third Amended Complaint in *Chambers*, *inter alia*, on the grounds that "the Third Amended Complaint includes sufficient allegations to preclude dismissal at this time on plaintiff's remaining claims." Again, however, the TAC in *Chambers* did <u>not</u> include an AEMLD claim at that time.

(4) The same order in *Chambers* dismissed Louisiana-Pacific's motion to dismiss in the instant case in its entirety, presumably including the portion of Louisiana-Pacific's motion seeking dismissal of the still-pending AEMLD claim in the instant case.

Because (i) the resolution of Louisiana-Pacific's motion to dismiss in *Chambers* did not require the Court to rule on the validity of the AEMLD claim pending here, and (ii) the Court's order does not appear directly to have addressed the AEMLD claim, Louisiana-Pacific remains uncertain of the intended effect of this Court's order on the

AEMLD claim in the instant case. In conjunction with Louisiana-Pacific's Answer to the remainder of Plaintiff's Second Amended Complaint (filed concurrently herewith) and to the extent that this Court has not reached the validity of Plaintiff's AEMLD claim asserted in the instant case, Louisiana-Pacific respectfully renews that portion of its prior motion to dismiss regarding the validity of Count Seven. As briefed in Louisiana-Pacific's prior "Memorandum of Law in Support of Motion to Dismiss" (doc. # 15) and "Reply In Support of Motion to Dismiss" (doc. # 27), Count Seven of the Plaintiff's Second Amended Complaint fails as a matter of law.

## ARGUMENT AND CITATION OF AUTHORITY

Count Seven should be dismissed for failure to state a claim upon which relief may be granted.

**I.     This Court Should Dismiss Count Seven ("Product Liability") Because it Fails to State a Claim Upon Which Relief Can Be Granted.**

Pursuant to Rule 12(b)(6), this Court should dismiss Count Seven for failure to state a valid claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). The AEMLD is a judicially-created doctrine of strict liability for defective products based on Section 402A of the Restatement of Torts (Second). *See Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. Am. Motors Corp.,* 335 So. 2d 134, 140-41 (Ala. 1976). To establish liability under the AEMLD, a plaintiff must show that (i) an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to plaintiff as the ultimate user or consumer; (ii) the seller was engaged in the business of selling such a product; and (iii) the product was expected to, and did, reach the user without substantial change in the condition in which it was sold. *See Casrell*, 335 So. 2d at 132-33; *Atkins* at 335 So. 2d 140-41.

In this case, Plaintiff claims that Louisiana-Pacific manufactured chemically-treated wood products and sold the remaining scrap wood to residents of Lockhart and Florala, Alabama for use as firewood. Sec. Am. Compl., ¶¶ 78-79, 135-137, 139. According to Plaintiff, chemicals made the firewood "defective and unreasonably dangerous when burned." Sec. Am. Compl, ¶ 139. Count Seven is fatally defective, however, because it fails to allege the essential elements of AEMLD liability.

A.  **Plaintiff Fails to Allege that They Used or Consumed a Defective Product.**

As noted above, the AEMLD imposes liability on parties who sell a defective product that is "unreasonably dangerous to the plaintiff as the ultimate user or consumer." *Casrell*, 335 So. 2d at 132; *Atkins*, 335 So. 2d at 141; *see also Rudd v. Gen. Motors Corp.*, 127 F. Supp. 2d 1330, 1333 (M.D. Ala. 2001). As the Alabama Supreme Court has noted, AEMLD liability attaches only because a defendant "has exposed expected users of a product not reasonably safe to unreasonable risks." *Atkins*, 335 So. 2d at 141. Thus, Plaintiff cannot state a valid AEMLD claim unless decedent was "the ultimate user or consumer" of the firewood. *Casrell*, 335 So. 2d at 131.

In this case, Plaintiff does not allege that decedent actually used or consumed any chemically-treated firewood sold by Louisiana-Pacific as scrap. Sec. Am. Compl, ¶¶ 135, 137. Nor does Plaintiff allege that decedent indirectly or "passively" burned or used any allegedly contaminated firewood. *Id.*; *see Atkins*, 335 So. 2d at 148-49 (endorsing Restatement (Second) of Torts § 402(A), cmt. l). Instead, Plaintiff asserts an AEMLD cause of action based solely on the allegation that the general public burned chemically-treated scrap wood sold by Louisiana-Pacific. Sec. Am. Compl, ¶ 137.

Count Seven thus fails as a matter of law. Because Plaintiff does not allege *decedent* burned, used, consumed, or otherwise had a tangible connection to a defective product, Plaintiff cannot state a claim under the AEMLD. Rule 12(b)(6) therefore requires this Court to dismiss Count Seven.

### B.   Plaintiff Fails To Allege That Louisiana-Pacific Was "In The Business" Of Selling Firewood.

Likewise, Plaintiff fails to allege that Louisiana-Pacific was "in the business of" selling firewood. Alabama law clearly establishes that the AEMLD only applies if "the seller was engaged in the business of selling" the allegedly defective product. *Casrell*, 335 So.2d at 132-33; *Atkins* at 335 So.2d 140-41. "That requirement excludes isolated or occasional sellers." *Baugh v. Bradford*, 529 So. 2d 996, 999 (Ala. 1988). Occasional sellers simply do not fall within the ambit of the AEMLD. *McGraw v. Furon Co.*, 812 So. 2d 273, 275-76 (Ala. 2001).

Here, Plaintiff seemingly attempts to side-step this element of a viable AEMLD claim by alleging that Louisiana-Pacific's Facility "was engaged in the manufacture and sale and placement of wood and wood products." Sec. Am. Compl, ¶ 138. Plaintiff does not allege, however, that Louisiana-Pacific was "in the business" of selling *firewood*, the specific product allegedly causing their injuries. Indeed, Louisiana-Pacific allegedly sold the firewood as scrap material or co-product, not as a product manufactured as primary part of Louisiana-Pacific's regular business. Sec. Am. Compl, ¶¶ 78-79, 136-137, 139. Because the occasional sale of a discarded item does not render the seller "in the business" of selling a defective product, *McGraw*, 812 So. 2d at 275-76, Count Seven fails to state a viable claim under the AEMLD and should be dismissed.

### C. Plaintiff Fails to Allege that Defective Firewood Reached End Users or Consumers Without Substantial Change in Condition, or that Louisiana-Pacific Expected it to Do So.

Not only does Plaintiff fail to allege that decedent actually used, consumed, or was exposed to any defective firewood and that Louisiana-Pacific was in the business of selling firewood, Plaintiff also omits two other critical elements of a *prima facie* AEMLD claim. Proof that the allegedly-defective product reached the consumer without substantial change in the condition in which it was sold is an "essential element" of a viable AEMLD claim. *See Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839 (Ala. 2002). Plaintiff must also show that a selling defendant actually *expected* the product to reach the end user or consumer without substantial change in condition. *Id.* Without both of these showings, Plaintiff cannot recover under the AEMLD. *Clarke Indus., Inc. v. Home Indem. Co.*, 591 So. 2d 458 (Ala. 1991).

Here, Count Seven does not allege that Louisiana-Pacific sold firewood that ultimately reached Plaintiff's decedent, as end users or consumers, in substantially the same condition as when it was sold. *See* Sec. Am. Compl., ¶¶ 135-139. Nor does Plaintiff assert that Louisiana-Pacific expected the firewood to reach the end users or consumers without a substantial change in condition. *Id.* Accordingly, Count Seven fails to state an AEMLD claim upon which relief can be granted and should be dismissed.

### CONCLUSION

For the foregoing reasons (and as set forth in Louisiana-Pacific's prior briefing), Rule 12(b)(6) requires this Court to dismiss Count Seven for failure to state a claim upon which relief can be granted.

Respectfully submitted this 22nd day of December, 2006.

/s/Bernard Taylor
Bernard Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

LEGAL02/30203413v1

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

Mark R. TerMolen

John C. Berghoff, Jr.

Matthew C. Sostrin

John A. Earnhardt

H. Thomas Wells, Jr.

Richard Elder Crum

/s/Orlyn O. Lockard, III
Of Counsel